**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000719
30-SEP-2019
07:53 AM**

NO. CAAP-18-0000719

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
RICHARD EMANUEL JOSEPH PREZA HAYNES, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DTA-17-2800)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Hiraoka, JJ.)

Defendant-Appellant, Richard Emanuel Joseph Preza

Haynes (**Preza Haynes**), appeals from the Notice of Entry of

Judgment And/Or Order and Plea/Judgment entered against him and

in favor of Plaintiff-Appellee, the State of Hawai'i (**State**) on

July 25, 2018 (**Judgment**), as amended by an Amended Notice of

Entry of Judgment And/Or Order and Plea/Judgment, which was filed

on May 30, 2019 (**Amended Judgment**), in the District Court of the

First Circuit, Kāne'ohe Division (**District Court**).[1]  Following a

bench trial, Preza Haynes was convicted of one count of Operating

a Vehicle Under the Influence of an Intoxicant (**OVUII**), in

---

[1]     The Honorable James C. McWhinnie presided.

violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) (2007 and Supp. 2018).[2]

On appeal, Preza Haynes raises one point of error, arguing that the District Court erred when it failed to follow the mandates of the Tachibana[3] line of cases when it questioned Preza Haynes regarding his right to testify or not to testify.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Preza Haynes's contentions as follows:

Preza Haynes argues that the District Court erred because it did not engage in a verbal exchange and true colloquy with him to ascertain whether he understood the right to testify and the right not to testify and whether the decision not to testify was made with an understanding of those rights.

"It is well settled in Hawai'i law that a defendant relinquishes fundamental rights only when a waiver is undertaken intelligently, knowingly, and voluntarily." State v. Wilson, 144 Hawai'i 454, 463, 445 P.3d 35, 44 (2019) (quoting State v. Ui, 142 Hawai'i 287, 293, 418 P.3d 628 (2018)) (internal quotation

---

[2] HRS § 291E-61 provides, in relevant part:

> **§ 291E-61 Operating a vehicle under the influence of an intoxicant.** (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
> (1)  While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

[3] Tachibana v. State, 79 Hawai'i 226, 900 P.2d 1293 (1995).

marks omitted). "Before accepting the waiver of a fundamental right, a trial court must engage in an on-the-record colloquy with the defendant." Id.

> Hawaiʻi law has historically protected both the right to testify and the right not to testify. The right to testify is guaranteed by the Fifth and Sixth Amendments to the United States Constitution; the Hawaiʻi Constitution's parallel guarantees under article I, sections 5, 10, and 14; and HRS § 801-2. The right not to testify is guaranteed by the United States Constitution's Fifth Amendment guarantee against compelled testimony and the Hawaiʻi Constitution's parallel guarantee under article I, section 10.

State v. Celestine, 142 Hawaiʻi 165, 169, 415 P.3d 907, 911 (2018) (citations omitted). In Tachibana, the Hawaiʻi Supreme Court established requirements that trial courts advise criminal defendants specifically of the right to testify and obtain an on-the-record waiver of that right. 79 Hawaiʻi at 236, 900 P.2d at 1303.

There are two components of the Tachibana requirement. The first is that the trial court inform the defendant as to five fundamental principles pertaining to his right to testify and right not to testify:

> [(1)] that he or she has a right to testify, [(2)] that if he or she wants to testify that no one can prevent him or her from doing so, and [(3)] that if he or she testifies the prosecution will be allowed to cross-examine him or her. In connection with the privilege against self-incrimination, the defendant should also be advised [(4)] that he or she has a right not to testify and [(5)] that if he or she does not testify then the jury can be instructed about that right.

Celestine, 142 Hawaiʻi at 170, 415 P.3d at 912 (citing Tachibana, 79 Hawaiʻi at 236 n.7, 900 P.2d at 1303 n.7) (original brackets omitted).

The second component involves the court engaging in a true "colloquy" with the defendant, which "consists of a verbal exchange between the judge and the defendant 'in which the judge

ascertains the defendant's understanding of the proceedings and of the defendant's rights.'" Id. at 170, 415 P.3d at 912 (emphasis omitted) (quoting State v. Han, 130 Hawai'i 83, 90, 306 P.3d 128, 135 (2013)).

The trial court must "elicit[] responses as to whether the defendant intends to not testify, whether anyone is forcing the defendant not to testify, and whether the decision to not testify is the defendant's." Id. at 170-71, 415 P.3d at 912-13 (citation omitted). The supreme court has instructed that a trial court should engage in a verbal exchange with the defendant at least twice: (1) once "after the court informs the defendant of the right to testify and of the right not to testify and the protections associated with these rights"; and, (2) once again "after the court indicates to the defendant its understanding that the defendant does not intend to testify." Id. at 170, 415 P.3d at 912 (citation omitted).

Here, the record shows two separate Tachibana colloquies: the first before the start of trial; and, a second that followed a decision on an outstanding motion after the conclusion of the State's case, when defense counsel then indicated that the defense would rest without presenting any witnesses, including without Preza Haynes testifying. The first colloquy included:

> THE COURT: . . . .
>
> Okay. And so, Mr. Preza Haynes, we're about to start your trial. Before we start, I just want to let you know a couple of things. First of all you have a right to testify in your own defense. Although you should consult with [defense counsel] regarding your decision to testify, it is your decision. No one can prevent you from testifying should you choose to do so. And if you decide to testify, I

4

> just want to let you know that the prosecutor will be allowed to question or cross-examine you. And have you had a chance to discuss your right to testify with [defense counsel]?
>
> THE DEFENDANT: Uh, yes.
>
> THE COURT: Okay. And do you have any questions regarding your right to testify?
>
> THE DEFENDANT: No.
>
> THE COURT: No. Okay.
>
> And you also have a constitutional right not to testify and to remain silent. If you choose not to testify, the court cannot and will not hold that against you in deciding the outcome of your case. And have you had a chance to discuss your right to remain silent with [defense counsel]?
>
> THE DEFENDANT: I have, yes.
>
> THE COURT: Okay. And do you have any questions regarding your right to remain silent?
>
> THE DEFENDANT: No, Your Honor.
>
> THE COURT: All right. And if you have not testified by the end of the trial, I'll just question you again briefly just <u>to make sure it was your decision not to testify</u>. Okay?
>
> [To the State] And please proceed.

(Emphasis added).

The first colloquy with Preza Haynes covered all five principles pertaining to his right to testify and right not to testify. See Celestineu, 142 Hawai'i at 170, 415 P.3d at 912.

Upon defense counsel's indication that Preza Haynes would rest without calling any witnesses, the District Court again engaged Preza Haynes with a second and final Tachibana colloquy. This ultimate Tachibana colloquy was as follows:

> THE COURT: . . . . And, Mr. Preza Haynes, as I mentioned at the beginning of the trial, you have a constitutional right to testify in your own defense. Although you should consult with [defense counsel] regarding your decision to testify, it is your decision and no one can prevent you from testifying if you choose to do so. If you do decide to testify, I just want to remind you again the prosecutor will be allowed to cross-examine you.

> And you also have a constitutional right not to testify and to remain silent. If you choose not to testify, once again the court cannot and will not hold that against you in deciding your case. And it is my understanding based on [defense counsel]'s representation that you do not intend to testify. I just want to make sure it is your decision and your decision alone that you do not wish to testify.
>
> THE DEFENDANT: That is correct.
>
> THE COURT: Okay. Thank you very much.
>
> [To counsel] So closings.

(Emphasis added).

In the ultimate colloquy, the District Court did not inquire of Preza Haynes with an open-ended questioning or discussion as to each of his rights; rather, the District Court made one sweeping statement lumping all of the principles together before posing a single question to Preza Haynes about whether it was his decision alone not to testify. The District Court's inquiry did not seek to establish, for example, whether Preza Haynes understood his rights, whether Preza Haynes was under any influence or condition that would impair his ability to think clearly, whether Preza Haynes had sufficiently discussed testifying with his defense counsel, or whether Preza Haynes had any questions for the court before making his decision.

The supreme court has guided that a trial court should "elicit[] responses as to [multiple aspects of a defendant's understanding]." Celestine, 142 Hawai'i at 170-71, 415 P.3d at 912-13. Here, instead of multiple questions on multiple areas of Preza Haynes's understanding, there was only the one question by the judge followed by a terse response from Preza Haynes. The District Court did not engage in a sufficient exchange with Preza Haynes to ascertain his understanding of his right to testify.

In State v. Eduwensuyi, 141 Hawai'i 328, 335, 409 P.3d 732, 739 (2018), the supreme court rejected this court's determination that an adequate pretrial advisement,[4] followed soon after by a defective ultimate colloquy, could establish a defendant's understanding of his rights to testify or not testify, stating:

> [A] general assumption that a trial of short duration means that the defendant will remember and carefully consider what was previously stated in a pretrial advisement is not a fact that can be judicially noticed. . Indeed, the opposite may be true. A trial, especially the commencement of the trial, is an event where a defendant may be anxious or nervous and not listening effectively. In addition, it is questionable that a defendant would extrapolate from what the judge actually said—it's your decision to testify or not to testify—to mean something in addition—that no one can prevent you from testifying. Further, the ICA's assumption based on the brevity of the trial builds upon a premise that the defendant is able to correctly recall a pretrial advisory at the end of trial. This assumption treats all defendants alike in terms of their ability to understand and recall the initial advisory despite differences, for example, in education, proficiency in understanding, and courtroom experience. It also does not account for what comes in between the pretrial advisement and the conclusion of trial: the evidence adduced at trial that may affect the defendant's ability at the time of the ultimate colloquy to recall or focus upon a prior advisory. Finally, the pretrial advisement notifies the defendant of the right to testify or not to testify but states that if the defendant has not testified by the end of trial, the court will question the defendant later regarding the decision not to testify. It is significant that the defendant is told that the pretrial advisement is preliminary in nature and that the subject matter will be addressed fully at a later point if the defendant chooses not to testify.

(Emphasis and footnotes omitted); see also Celestine, 142 Hawai'i at 171-72, 415 P.3d at 913-14.

For these reasons, we cannot conclude that the District Court properly established Preza Haynes's understanding of his right to testify or not to testify. Therefore, the record does not demonstrate that Preza Haynes's waiver of his right to

---

[4] In Eduwensuyi, the supreme court also concluded that the pretrial advisory was defective because it did not include that no one could prevent the defendant from testifying if he wanted to. 141 Hawai'i at 335, 409 P.3d at 739.

testify was knowingly, intelligently, and voluntarily made. Han, 130 Hawaiʻi at 91, 306 P.3d at 136 ("The failure to ensure that [the defendant] understood his rights amounts to a failure to obtain the on-the-record waiver required by Tachibana.").

When the violation of a constitutional right has been established, "the conviction must be vacated unless the State can prove that the violation was harmless beyond a reasonable doubt." Tachibana, 79 Hawaiʻi at 240, 900 P.2d at 1307. Under the harmless beyond a reasonable doubt standard, the court must determine "whether there is a reasonable possibility that error might have contributed to [the] conviction." Eduwensuyi, 141 at 336, 409 P.3d at 740 (emphasis omitted). If such reasonable possibility exists, then "the judgment of conviction on which it may have been based must be set aside." State v. Pulse, 83 Hawaiʻi 229, 248, 925 P.2d 797, 816 (1996). When assessing whether the error was harmless, "[a] crucial if not determinative consideration . . . is the strength of the prosecution's case on the defendant's guilt." State v. Tetu, 139 Hawaiʻi 207, 226, 386 P.3d 844, 863 (2016) (quoting State v. Fukusaku, 85 Hawaiʻi 462, 482-83, 946 P.2d 32, 52-53 (1997)).

Here, the record does not contain any indication as to what Preza Haynes would have said if he had testified. This case was tried without any physical or scientific evidence, and the State made its case solely through the testimony of a single witness, which the defense sought to discredit on cross-examination. On the record in this case, we cannot conclude that the District Court's error was harmless beyond a reasonable doubt

because we are unable to determine whether Preza Haynes's testimony, had he given it, could have shed light on whether Preza Haynes operated a vehicle under the influence of alcohol in an amount sufficient to impair his normal mental faculties or ability to care for the person and guard against casualty.  See, e.g., Eduwensuyi, 141 Hawai'i at 336-37, 409 P.3d at 740-41.

Based on the above, the District Court's July 25, 2018 Judgment and May 30, 2019 Amended Judgment are vacated, and this case is remanded to the District Court for further proceedings.

DATED: Honolulu, Hawaii, September 30, 2019.

On the briefs:

Jonathan Burge,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge